**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4955

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

JOSE JOAQUIN MORALES,

           Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Roger W. Titus, Senior District Judge. (1:12-cr-00480-RWT-1)

Submitted:  October 31, 2014          Decided:  November 12, 2014

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan S. Zucker, LAW OFFICE OF JONATHAN ZUCKER, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Sandra Wilkinson, Martin J. Clarke, Assistant United States Attorneys, Katherine Mcfee, Student Law Clerk, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Jose Joaquin Morales of using a facility of interstate commerce to facilitate a murder for hire, in violation of 18 U.S.C. § 1958(a) (2012). The district court sentenced Morales to life imprisonment. Morales now appeals. Finding no error, we affirm.

Morales first argues on appeal that the Government violated a proffer agreement by introducing at trial statements he made to a Bureau of Prisons ("BOP") employee. We review evidentiary rulings for abuse of discretion and review de novo the question of whether a proffer agreement remains in effect. United States v. Gillion, 704 F.3d 284, 292 (4th Cir. 2012). We interpret proffer agreements based on their language, "examin[ing the] express terms to determine whether the defendant is in breach." Id. We have thoroughly reviewed the record and conclude that district court did not err in admitting Morales' statements at trial.

Morales next argues that the district court erred in refusing to strike the testimony of the BOP employee because he had destroyed his rough notes of his interview with Morales that were later incorporated into another government agent's report. "The Jencks Act requires the [g]overnment to turn over any statement of a witness in its possession once the witness has testified on direct examination, provided the statement relates

2

to the testimony of the witness." United States v. Bros. Const. Co., 219 F.3d 300, 316 (4th Cir. 2000) (citing 18 U.S.C. § 3500(b) (2012)). "The term 'statement' in § 3500(b) is defined by statute to include, among other things, 'a written statement made by said witness and signed or otherwise adopted or approved by him.'" United States v. Smith, 31 F.3d 1294, 1301 (4th Cir. 1994) (quoting 18 U.S.C. § 3500(e)(1) (2012)).

"Jencks Act violations constitute harmless error when they result in no prejudice to the defense." United States v. Schell, 775 F.2d 559, 567 (4th Cir. 1985). We review a district court's ruling on a Jencks Act motion to determine whether it was clearly erroneous, United States v. Roseboro, 87 F.3d 642, 645 (4th Cir. 1996), and we conclude that the district court did not clearly err in denying Morales' motion to strike the testimony.

Morales also argues that several comments made by the prosecutor during closing arguments were improper and rendered the trial unfair. Morales preserved his challenge to one such comment by raising it in the district court, and we review this claim de novo. See United States v. Collins, 415 F.3d 304, 307 (4th Cir. 2005). We review the comments that Morales did not raise below for plain error. See United States v. Mitchell, 1 F.3d 235, 239 (4th Cir. 1993). To demonstrate plain error, Morales must show that (1) the district court erred, (2) the

3

error was plain, and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013).

A prosecutor's improper remarks during closing argument will mandate retrial only if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. at 240 (internal quotation marks omitted). We consider six factors in determining whether a prosecutor's arguments were so prejudicial as to have deprived the defendant of a fair trial, including:

> (1) whether the government's remarks misl[ed] the jury, (2) whether they were extensive, (3) the strength of the evidence supporting conviction absent the comments, (4) whether the government deliberately made the comments to mislead the jury, (5) whether the defendant invited the comments, and (6) the presence of a curative instruction.

United States v. Chong Lam, 677 F.3d 190, 197 (4th Cir. 2012). We have thoroughly reviewed the record and the relevant legal authorities and conclude that Morales has failed to demonstrate that any improper remarks rendered the trial unfair.\*

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

---

\* Morales also argues that the cumulative errors require reversal of his conviction. As we conclude he has failed to demonstrate that the district court erred, we reject this argument.

legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED